[Civ. No. 515. First Appellate District.—July 15, 1908.]

DAVIDE GONDOLFO, Appellant, v. GIOVANNI GARBARINO, Respondent.

ACTION FOR BREACH OF CONTRACT—SALE OF PART INTEREST IN VEGETABLE GARDENS—DEFENSE—CONDITION AS TO CONSENT OF PARTNERS—TENDER BACK OF DEPOSIT.—In an action for damages for alleged breach of a contract to sell a part interest in vegetable gardens, on which $100 was paid by plaintiff to defendant, the latter may defend the action by answer and proof that the property was partnership property, and that a condition was expressly attached to the sale that it would not be effected unless the other partners would consent thereto, and if not, the money received as a deposit would be returned, and that such consent was withheld, and that the $100 received was tendered back to the plaintiff.

ID.—PUBLIC POLICY—QUESTION NOT INVOLVED—VALIDITY OF CONDITIONAL CONTRACT OF SALE.—*Held,* that the case does not involve the question whether or not a contract by which one partner is prohibited from selling his interest in the partnership assets will be void as against policy, but is one of a condition annexed to the sale. There is nothing unlawful or contrary to public policy or morals for one partner to agree to sell if his partners are satis-

fied and will consent, and that he will not sell unless they are satisfied.

ID.—CROSS-EXAMINATION OF PLAINTIFF—LEGITIMATE SCOPE.—Where the plaintiff had testified in chief as to the agreement to sell, and the payment made, and the conversation that took place, and had testified, on cross-examination, that two partners were present, he may be asked whether any of those present said the sale could not be made without the consent of the partners. The defendant had the right to the whole conversation, and to test the memory of the witness and the accuracy of his evidence in chief.

ID.—SUPPORT OF MATERIAL FINDINGS.—*Held,* that the evidence adduced for defendant is sufficient to support the findings in his favor which go to the merits of the whole case, and support the judgment in his favor; and that it is immaterial whether other findings are sufficiently supported or not.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial. Geo. H. Buck, Judge.

The action was originally begun in the superior court of the city and county of San Francisco; but the venue was changed to San Mateo county, before the demurrer to the complaint was passed upon, or the answer was filed. Further facts are stated in the opinion of the court.

James A. Devoto, and Devoto & Richardson, for Appellant.

Chas. L. Patton, and E. Bianchi, Jr., for Respondent.

COOPER, P. J.—This appeal is from the judgment and the order denying plaintiff's motion for a new trial. The complaint alleges that the defendant agreed to sell to plaintiff an undivided one-fifth interest in and to certain vegetable gardens known as the "Stagnaro Gardens," near the Six-mile House in the city and county of San Francisco, for the sum of $300, and the plaintiff paid to defendant $100 on account of such purchase price. That plaintiff has tendered the balance of the purchase price, but that defendant has at all times refused to accept the balance of $200, or to convey the interest to plaintiff as he agreed. Judgment is prayed for $1,500 for breach of the alleged contract.

The answer alleges by way of affirmative defense that at the time of the agreement to sell, the said vegetable gardens were partnership property and owned by the following partners, to wit: Emanuele Stagnaro, Giovanni Queirolo, B. Costa, Giacomo Bargagliotti, Fortunato Gotelli, Giovanni Garbarino, Davide Gondolfo, Stefano Ghiorso and Marco Ghiesa. That the agreement to sell was made upon the express condition and understanding that the other partners should consent and agree to the said sale, or it should not be binding upon defendant, and that the other partners of defendant refused to consent to such sale. That the defendant, upon ascertaining that his partners would not consent to such sale, tendered to plaintiff the $100 that had been paid to him, and that plaintiff refused to accept it.

The case turned upon the question as to whether or not the agreement to sell was conditional upon the consent of the other partners being obtained. The court found as follows: "3. That on said 20th day of May, 1906, defendant agreed to sell to plaintiff and plaintiff agreed to purchase from defendant, one-fifth of the vegetable garden and other property described in paragraph 1 of the complaint herein for the sum of three hundred dollars, upon the express condition, however, that the other partners, owning seven-tenths of said vegetable garden and other property (as set forth in finding No. 1) should consent and agree to the sale of defendant's one-fifth interest therein to plaintiff. . . . 5. That the partners of plaintiff and defendant have refused to consent and agree, and did not and do not consent and agree to the transfer or sale of defendant's interest in said vegetable garden and property described in paragraph 1 of the complaint herein to plaintiff."

It is claimed that the evidence is insufficient to sustain the above findings; but after a careful examination we conclude that it is sufficient. The defendant testified that at the time of the agreement to sell plaintiff said to him that he would pay the deposit, and if the other partners were not satisfied defendant would have to return the deposit, and that the sale was upon the condition that the other partners would consent; that if they did not consent he would return the deposit to plaintiff. Ghiesa, one of the partners, testified that he was present at the time of the agreement to sell; that he told

the parties that they could not sell out unless the partners were satisfied; and he further testified that he refused to give his consent to the transfer or the contemplated sale. Ghiorso, another partner, testified that he told the parties that the sale could not be made without the consent of all the partners; that he was not content with the sale for the reason that defendant is the head man who plants all the vegetables.

It is not necessary to notice the other several findings, for the reason that the findings discussed go to the merits of the whole case, and dispose of it.

It is unnecessary to discuss the question as to whether or not a contract, by which one partner is prohibited from selling his interest in the partnership assets, would be void as against public policy. This is not such case, but one of a condition annexed to the sale, to the effect that it should not be consummated or valid unless the other persons were satisfied. There certainly is nothing unlawful or contrary to public policy or morals for one partner to agree to sell if his partners are satisfied and will consent, at the same time saying that he will not sell unless they are satisfied.

Plaintiff's counsel claim that the court erred in overruling certain objections made by them to questions asked by defendant's counsel, and in regard to certain rulings in other respects in the admission or exclusion of testimony. A sample of such alleged errors is the first one, in which it is claimed that the court erred in overruling the plaintiff's objection to a question asked of plaintiff himself in cross-examination. Plaintiff had testified in direct examination as to the agreement to sell; the payment of $100 to defendant, and the conversation that took place at the time. In cross-examination he testified that Ghiesa and Ghiorso, two of the partners were present. Counsel for defendant then asked the plaintiff in cross-examination the following question: "Did any of those present say that this sale could not be made without the consent of the partners?" Plaintiff's counsel objected to the question as irrelevant, incompetent and immaterial and not proper cross-examination. The objection was overruled, and plaintiff's counsel duly excepted. In view of the direct examination the question was proper. It related to the subject matter concerning which the witness had testified in chief. The defendant had a right to the

whole of the conversation, and to test the memory of the witness and the accuracy of his statements in regard to the agreement to sell, and in regard to the matters and things that he said were done. But aside from this, the answer was harmless. The witness answered the question as follows: "I never heard anything about that, and I went away." It is apparent from what has been said that the matter is too trivial for further discussion.

The other objections are equally without merit, and we will not discuss them further.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.